Case number 22-5328, Attorney General of the United States Appellant versus Stephen A. Wynn. Mr. Minta for the appellant, Mr. Lutskin for the appellate. Mr. Minta, good morning. May I please the court, your honor. Joseph Minta on behalf of the Attorney General. I'd like to reserve two minutes for rebuttal. Foreign Agents Registration Act is a critical tool in malign foreign influence. But the district court's unduly narrow interpretation of Section 618F guts the government's ability to civilly enforce the act. The district court's interpretation should be reversed for three reasons. First, it's contrary to the statute's plain text. Second, it ignores the act's history and structure. And finally, it defies the act's express purpose of ensuring disclosure of foreign efforts to influence U.S. policy. Starting with the plain text, Section 618F begins with two subordinate clauses, and both sides agree these clauses should be given independent meaning. The way to do this is to read the first clause as applying to ongoing violation, while the second clause applies to past violations, such as Wynn. The district court's interpretation, however, fails to read the statute as a whole. Where did you make this argument in the district court? Your Honor, we noted in the district court our reliance on Section 618F, and the district court understood that argument, and that's why it reached the whole. Understood that that was your cause of action. Didn't understand that you were reading, at least I'm not aware of where you argued below that 618F is actually two distinct actions, one of which covers retroactive conduct, and one clause which does not. Did you make that argument? What do you mean that level of detail? Did you make the argument or not? Was the district court on notice of the argument you're presenting to us? We did not present the argument in that framework, and as the district court noted, we did not unpack the Section 618 text. So the district court had no opportunity to consider the argument that you're now presenting to us? No, Your Honor, but the district court nonetheless made a holding that the government is required to allege an ongoing violation of FARA in order... It did that without hearing. Sorry, I mean, you're talking about plain text and everything, but it wasn't plain enough to have been argued to the district court. And so why are you allowed to argue it now to us in the first instance? Two responses, Your Honor. First, the forfeiture doctrine doesn't apply where the district court nonetheless passed on the issue below, and there's no dispute... Did it pass on your argument that the second clause of this is meant to be retroactive? It held that we had to allege an ongoing violation, and our position is that the second clause... The second clause is retro... Operates retroactively. It did not make an inclusive holding on it? Because it wasn't presented to it. That's correct, Your Honor. It can't be, but you can't argue it before it's because the district court passed upon it. This report wasn't presented with it and didn't consider it. So what is your other argument for why we should consider it? Forfeiture only applies to new claims on it, not new arguments in support of a consistent claim. And our consistent claim has always been that Wynne should be required to register, and that the Attorney General is empowered to bring this civil suit to require him to produce... I mean, your argument's got to be more sophisticated than that, given our McGaugh decision. And so your argument below, as I understand it, was civil versus criminal. But your argument here now is entirely different, and that is that 618F is a two-parter, and that there's just a distinct statutory authority apart from the civil authority itself. The civil-criminal distinction, there's this specific authority to reach retroactively to require registration. These are fuzzy lines, I know. How is that not a new claim? So our claim has always been the consistent single claim that the Attorney General is empowered to bring this suit, and that it is no defense to that suit. My claim has always been my client's not guilty, and then you can argue anything. You never argued to the district court below, and we don't do it at that level, 30,000-foot level. I'm worried about how the district court is going to feel sandbagged here if you're coming here with what I think would characterize as a plain language argument that that court never had a chance to hear. I think that that's very similar to the situation that arose in this court's decision in Shavey Carey, where the claim was framed as the State Department discriminated against me. And the appellant was allowed to raise additional arguments in support of that particular claim. In particular, an argument focused on a recent court decision that was before the district court, and the district court acknowledged. But the appellant made a different argument in support of his discrimination claim and argued under a different framework in the district court. That based on intervening Supreme Court precedent? No, the Supreme Court precedent was already on the books at that point. He simply changed the, he argued that the framework that he used in the district court was simply inapplicable on appeal. And this court declined to find forfeiture under those circumstances, characterizing it as new argument rather than a new claim. And once you reach the merits of that argument, I think that it's clear that the district court's interpretation is contrary to the purpose of FARA, which is ensuring disclosure of foreign efforts to influence U.S. policy. And the ongoing interest is in assessing advocacy that might have been engaged in by Mr. Wynn when he was an agent, to the extent that that information remains publicly available, that it would also be important to the government to have the context for that information? Yes, Your Honor, and to the public for any policy decisions that the government ultimately makes, whether that happens now or down the road, the public needs to understand the factors that went into that decision. And that includes all of the disclosure requirements that FARA requires when foreign agents are trying to influence U.S. policy. And under Mr. Wynn's reading, the government could have prosecuted him criminally at the time when it chose instead to bring a civil suit for injunction. Is that right? So the criminal provisions have an additional element of willfulness. If the government could prove willfulness beyond a reasonable doubt, I believe that both sides agree we were within the five-year statute of limitations that they tossed that out. The civil provision does not require willfulness, and that's why it's an important additional tool for the government to have to enforce the statute in instances either where willfulness can't be proved beyond a reasonable doubt or simply where the government feels that the less severe enforcement option of a civil suit is the more appropriate way to address the noncompliant. And I take it here there's no statute of limitations either for the criminal or the civil, but I take it there's no sort of residual statute of limitations available for civil nondisclosure violation the way there is for the criminal? No, Your Honor. There is a default civil statute where the government is seeking damages, but not where the government is seeking equitable or injunctive relief. That's all that we're seeking here. I think that's important to note that Section 618F isn't designed to be punitive. It's designed to ensure compliance and make sure that the public has the information that it needs. And you can see that even in the history of FERA that we set out in our brief, where in 1950 Congress amended FERA in order to essentially reject the argument that Wynne is now making in the civil context but in the criminal context. It was only later when Congress added Section 618F, and it did so with that history in mind, writing it to address, again, both current and former agents in the ways that we've explained in our brief. Finally, I also want to point to several structural features of FERA that support our argument. In particular, the fact that several… Recalling your textual argument under 618F, and that is, I'm struggling with how you read, we'll call it the second clause, as applying retroactively because it uses the same present tense verbs as the first clause. Yes, Your Honor. There are numerous statutes that are phrased in the present tense but nonetheless apply to past completed conduct. You can look at the SEC's… But then you would say you're covered by the first clause and the second clause. I think that in a vacuum you could make that argument. I think when you look at the two remedies that Section 618F includes, that further supports our distinction. The first set of remedies discusses either enjoining the failure to register or enjoining the agent from continuing to lobby. The second set of remedies only discusses an order for compliance, and that makes sense when you're only dealing with past conduct and there's no further activities by the agent. Well, no, that makes perfect sense if you're dealing with ongoing conduct. I think the first clause has already covered that. Well, no, I think they're different. I mean, the first is… So, the first clause covers acts. The second clause covers omissions. That can be present tense and even anticipated in the first clause. The first clause applies to persons. The second clause applies to agents of a foreign principle. So, they have different subjects and they have different scopes that they cover, but they are all present tense. There's no language here at all that suggests retroactivity, in particular given our McGough holding that you are no longer an agent of a foreign principle once your service in that position terminates. There'd be no way then to have the second clause, which requires you to be an agent of a foreign principle. That way, you're only allowed to enjoin an agent of a foreign principle to fill out a form. Under this clause, and we held in McGough that once the relationship ends, you are no longer an agent of a foreign government. So, there's different purposes for the clauses. They have different subjects and the injunctive relief targets the named person, the named subject, which isn't going to cover folks once they've stopped being an agent of a foreign government, at least under McGough. We're stuck with that as a panel. I agree, Your Honor, that McGough is biting on this panel, but I think the operative point of analysis is at the time Wynne violated FARA, he was then acting as an agent. And our position is that triggered the Attorney General's enforcement power. And a foreign agent isn't then empowered to cut off that enforcement power by later activity. When you say that there's the different remedies, and one of the remedies is to enjoin compliance, order someone to comply. Who is the object that can be ordered? It's the person that was acting as an agent. No, you have to use the word person. It says for the purposes of enjoining someone to comply, the omission clause, it says you may enjoin an agent of a foreign principle. Yes. Okay. And at the time you're trying to seek, you were asking a court to enjoin right now someone who is not, at the time of the injunction, an agent of a foreign principle. At the time of their noncompliance, they were an agent. I know, but we're talking about the remedy here. And the injunction, as you said, the remedies track the structure. And the only object, the only person who's an object or entity is this agent of a foreign government. There's simply no one to it. It doesn't say you can enjoin a person. It used person in the first clause. It does not use person in the second. So there's no capacity to enjoin a person to comply with filing forms or registration forms. Only an agent. And you don't have an agent. Your Honor, we have an agent at the time that Wynn was noncompliant. We agree with McGaugh holding that that obligation has ended. But we are asking the court to order him to comply with his delinquent obligation to register at that time. And I think that that's important given the structure of, I apologize, I see my time. Let me just ask about that, looking sort of more broadly at the way the provisions of the act fit together. In 615, the agent is obligated to keep records for three years following the termination of the agency. And it just seems that that is another indication in the statute that the reporting requirement is not meant to survive indefinitely. Because if you if you've turned over or, you know, dispensed with the records that you would need to file 10 years down the road, it just seems to me to support the notion that Congress wasn't contemplating an indefinite obligation to comply. Your Honor, what we're ultimately seeking here is an equitable remedy. If because of the passage of time or any other factor, it would be impossible or unduly burdensome to comply with the injunction, then the court could take that into account in crafting the remedy. But none of that applies here where we brought suit, even within the criminal statute of limitations that this court set out in McGough. And the last point that I want to make is many agents of a foreign power act only for a short period of time. And in those instances, there simply isn't an opportunity to bring these kinds of lawsuits while they're still acting. But consistent with the purpose of the statute, this court should read Section 618F to also the statute as well. It does seem potentially dysfunctional. And the relevant circumstances or typical circumstances may have changed, given sort of the internet and how information has a much longer half-life than it did at the time, for example, of McGough. I mean, it struck me that McGough talks about needing this statute to protect against subversive activities, whereas now it seems more like the government's interest is in providing context for advocacy information that may be out there still, that endures, you know, things that Mr. Wynn may have said that people might be taking into account now. Like, that's kind of a new problem. I think that it's a different version of the same kinds of national security interests. Oh, for sure. But it just seems like the—and I guess one question that I have for the government is how we don't have cases under this statute very often. Is this provision used very frequently, I assume? The criminal provisions are being used more frequently in the last several years. In particular, there's been a number of high-profile prosecutions along those lines. This is, as the district court noted, one of the first civil actions involving Section 618F. But the government does recognize foreign malign influence as a national security threat, and he is working to use these and similar statutes in order to combat the new problem. And I don't know if this is something that you have information about or feel is appropriate to share, but the government could bring an indictment and then resolve it if the defendant is willing to provide the information. I mean, there's something perverse about the availability, the longer availability of a criminal claim when the core interest in the statute is in the disclosure. Exactly, Your Honor. It's backwards from the normal statute to have the civil remedy be much narrower than the criminal remedy, but that's the implication of the district court's holding here. And perhaps of our holding. I have some questions. Can you go back to 618F, and could you give us an example of what would fit the language or otherwise is in violation? As Judge Paulette said, the first one is co-mission, the second one is omission. What's left or otherwise is in violation? I think otherwise is in violation is intended as a catch-all in order to ensure that all past violations, as we read the statute, that's part of the second clause, which applies to past violations, and it ensures that any past violation affair, whether it's a failure to register or a deficient registration statement or a failure to maintain books and records or a failure to file a supplemental registration statement, all of those different kinds of fair violations need to be able to be remedied by civil injunctive actions as well as criminal prosecution. And so that or otherwise language ensures that it all comes within the Attorney General's civil enforcement. So you can't think of a discrete otherwise violation? So I think the first part of the second clause does cover most of the issues because it says fail to comply with any provisions of the subchapter or the regulations. And I think that that would pretty much be all the violations, but Congress wanted to make sure that it had this catch-all provision just to cover its basis. Okay, and then I have two questions that I know we're not dealing with whether or not Mr. Nguyen was a foreign agent, but do you take the position or does the department take the position that a quid pro quo is necessary? Your Honor, no. There's a variety of decisions on the level of control that a foreign principal needs to have over the agent. And this is something that was raised in Nguyen's motion to dismiss as a separate ground that we hadn't adequately alleged that. But we do not believe a quid pro quo is necessary for foreign agents. And then the final question. Do you know the status of the legislation that is trying to fix the McGaugh problem? I'm aware that the legislation has been introduced. I'm not aware of any further steps that have been taken with respect to that. Thank you. Nguyen assumes the government would want to add a statute of limitations for the civil violation to that legislation if it's going to proceed. I believe that the legislation includes an explicit criminal statute of limitations. I don't believe, as drafted currently, it includes that civil limitation. We'll give you a couple of minutes to reply. Thank you. Mr. Luskin. Good morning, Mayor. Please, to the Court. As Chief Judge Boasberg cogently recognized, the case presents a single issue, and that is whether an individual under this Court's precedent in McGaugh, who has no present obligation to register under FERA, may nevertheless be compelled to register retroactively under 618-F. Mr. Luskin, can you get either closer to the mic or raise the podium? I'm so hard of hearing, and I apologize, but I want to hear what you have to say. Don't apologize, because I'm having trouble hearing you, too. As Chief Judge Boasberg ruled, that question is squarely controlled by McGaugh, because McGaugh decided that Section 612-A, the registration provision, the obligation to register terminates when an agency relationship terminates. And reading 618-F, he concluded, therefore, as the Court did in McGaugh,  the injunctive provisions of 618-F cannot apply. Mr. Luskin, can you respond to the apparent anomaly that I was raising when Mr. Minto was standing there about the government having a longer time window for criminal prosecution than for civilly seeking the record? Well, I guess I wouldn't regard it as an anomaly, Your Honor, because it seems to me that because their criminal provisions and criminal penalties are intended to be more serious, what McGaugh regarded as a howitzer, it makes sense that under those circumstances where the harm is greater, that the government should have a greater opportunity to rectify them and to deter them through the criminal penalty. So, I guess I don't see that as an anomaly. It makes sense to me that the civil remedies, which are all framed in the present tense, all intended by their terms to bring an individual into compliance with the statute, should have a shorter term. I think it's odd, given that there isn't any mala in se violation here. The crime is in service of incentivizing covered people to comply more than stopping some harm to the public. I mean, it's very bound up with the primary interest, which is that the government and the public should be aware who's paying. No, that's certainly correct, Your Honor, but it does seem to me that the public interest, once an individual has ceased to act as an agent, is significantly attenuated. The interests of FARA, to the extent that they are all revolved around contemporaneous disclosure with a 10-day registration requirement, with an obligation, for example, when it involves congressional testimony, that the committee be notified in advance. All of the obligations revolve around contemporaneous disclosure. Well, they revolve around prompt, knowing at the time, of course, because that's when the person's advocacy is going to have the most audience. But when it then becomes part of a permanent record and people say, oh, Mr. Nguyen, he was very involved in business in China. Let's look what he had to say. I mean, his statements are still, no doubt, available. Well, of course, I'm not saying that there's no interest here. And obviously, and I guess this goes to the issue that the government has raised about there being some sort of loophole here. I think an individual who is acting as an agent is really engaging in a legal suicide act, or the act of self-immolation, if the government approaches him and he were to say, well, I'm very sorry, I am terminating my relationship, or I terminated it last week, so you guys can take a hike. I mean, I think an individual does that once, and the government prosecutes, and no one in their right mind would ever dare the government to do that again. Back to the 618F issue. I mean, the district court did pass on the meaning of 618F, at least in some extent, and you take it to not be adequate preservation that the court referred to it as creating the cause of accident. And, you know, I can't do, I'm sorry, I can't do any better in framing what happened in the district court than to quote Judge Boasberg at page 199 of the joint appendix, and he says, if an 618F exists, it would allow the government to compel when to register it today, notwithstanding McGough's interpretation of the registration obligation in 612A, the government does not provide it here. In fact, it does not engage at all with the text of that provision, or of 612A, for that matter, beyond insisting that 618F is the basis for distinguishing McGough. I don't think the record could be any clearer that the government, the government certainly asserted that it had a force injunctive provisions against Mr. Wynn, but it completely stepped away and passed on the interpretation that it pushes here, which is that 618F contains a present obligation for, to enforce a requirement that has since lapsed under McGough. That was nowhere raised or implied or suggested in the district court. And I'd love to hear your thoughts on the same question that Judge Henderson asked of Mr. Minto, which is the relationship between, I mean, assuming that it is before us, which I'm not reporting to take a position on that by asking the question, your view about when the second clause would be triggered in the first clause would not already cover the situation. Well, I have trouble like Mr. Minto seeing the otherwise clause as anything other than a catch-all provision, and we see that in other statutes like the general obstruction provision of 1512. But I do want to address the government's general view of 618F, which is the only way, that the only way to read that rationally is that it includes two what addresses the past. In fact, there are two clauses here. The first one of which addresses persons, which is a universe of individuals who have not yet, but may have an obligation to register or under section 615, it includes officers and directors of corporations or other entities that are acting as agents. And the second clause addresses agents, which includes all of the ongoing obligations of an individual who has registered to supplement the registration, to retain records. There's, the statute is addressing by its terms, two classes of individuals who are subject to the requirements of FERA, and it does it in explicit terms. And to suggest that somehow that distinction is meaningless or doesn't exist and must be explained instead by a past-present dichotomy, this simply fights the plain language of the provision. And obviously, I'm sorry. Um, Mr. Pillard mentioned 615, and it talks about the obligation of an agent of a foreign principal to maintain records for three years after the termination of the relationship. So it refers expressly to someone even in the post-termination time of period of at least up to three years as still an agent of a foreign government. And so does that not suggest that the agent, at least as to enforcing sort of record requirements like this, those omissions that an agent can commit do not themselves, they can be enforced civilly, do not terminate at the time the relationship itself terminates. 615 is plain language. I think that's right, and I think that the government could in action under 618F to enforce the ongoing obligations under 615. Do you want to enforce the, let's say the person has complied with everything, the relationship terminates, and they go, I'm not keeping these records for three years. What capacity does the government have to enforce that other than a criminal prosecution? Well, I think under 615, because the obligation is ongoing, then 618F by its terms through the use of the present tense can be used to enforce it under those circumstances. It would just be a failure to comply by an agent. That's right. 618's ability to enforce, to require an agent of a foreign government to comply with disclosure obligations continues for three years. No, 615 only speaks to the retention of books and records. I think McGough resolved the question of whether or not the registration obligation endures, and it said it does not. But you're saying that other obligations like this three-year record retention obligation could be enforced civilly through an injunction after the relationship is terminated. I'm saying yes. Obviously, that isn't the issue. Okay. But if that were the violation- But that's right. So if there can be an injunctive action after someone has ceased to be serving and terminating the relationship with a foreign principal, but you're saying there still can be a civil action at least to enforce this records requirement. I think what I'm saying is that there has to be an ongoing obligation to be enforced. And in the case of 615, there is an ongoing obligation related- And what about the obligation to file supplements to your initial registration statement? McGough only dealt with the initial registration statement. I think that's bound up within 612 and covered by McGough. Because? Because he has no current obligation to register as an agent. Okay. So all you're saying is that 615 can be enforced after the relationship has been terminated. Is there any statute of limitations on that? It can be enforced civilly. What would I present it, but I would think it would only be governed by the issue of latches. Well, latches doesn't apply to the government. That's right. That's their position. No, that's what is held. So there'd be no time limit on enforcing 615's record requirement. It would. It would be three years, Your Honor, because I think under this reading of 618F, which is to say 618F can be used to enforce a present continuing obligation at the end of a three-year period, that obligation ceases. But just in the same way, in a parallel fashion, that the obligation to register under 612 ceased when an agent ceased to be an agent of a principal. So if the government were to come in five years later and say, we'd like to enforce the obligation to keep records for three years, I think at that point, a defendant would be absolutely correct to say, no, I'm sorry, that's two years. It's just, it seems that there's a way of reading 615 as saying, when it comes to the particular obligation to maintain records, by including creating records in the first place, as to that termination of the relationship, does not terminate the obligation. And it's only as to actions, such as interacting with the government on behalf of a foreign principal, that that obligation terminates when the relationship terminates. Well, I think under 615, it covers an agent who is registered. And so an individual who is not registered and has no current obligation to register doesn't concomitantly have an obligation to keep records. I think it's also worth addressing the fact that this construction 618-F is also consistent with the basic rules of equity, which is to say equity is typically reserved for addressing imminent or ongoing harms. And it is... Conjunctions are used all the time to require disclosure of information that should have been disclosed, all the time. So equity does not, when it comes to disclosure obligations, informational disclosure obligations, it doesn't require imminence. Every order disclosed under FOIA is something they should have disclosed when first asked by a court. And disclosures under the Government and Sunshine Act. No, that's correct, Your Honor, but what I am saying... I don't understand that theory that injunctive relief requires imminent harm. The harm is that right now I'm injured by the fact that information wasn't disclosed. Well, it's a past harm, Your Honor. And I think that the language of 618-F is very clear over and over and over again through the repeated use of the present tense, which the Supreme Court in Carr, quoting Baltimore, called a kind of striking indicator of the intention that it be applied presently and prospectively, but not retroactively. That's an indication that in adding 618-F, Congress intended to address the issue of ongoing or prospective harm. The injunction for failures is for an order requiring compliance with any appropriate provision of relevant statute. And you agree that that would encompass a 615 injunction for past failure to maintain... That's right, Your Honor, but the last sentence, which talks about the scope of the court's authority to issue an order, refers back to the preceding clauses, all of which are framed in the present tense. But you just said you agreed it would cover a past tense violation like 615-F. No, Your Honor. I think that I'm saying that it covers only ongoing obligations, that it does not address historical harms. So if it's the 364th day of the third year, or it's almost to be three years, that's a day before three years under 615-F, and no records have been maintained for the preceding two years and 364 days, then you would agree that you can get an injunction under 618 to require compliance to that? For one day. Well, to require compliance. It would require compliance because there is an ongoing obligation, which an agent... That injunction would continue after. Pardon me? That injunction would continue. Until compliance occurs, right? Well, under those circumstances, I think I would argue that since the statute itself only requires retention of those records for three years, that the court's authority would be limited to enforcing the terms of the statute, which is what 618-S says on its face. For one day? For one day. For one day? For one day. Okay. If there are no more questions, thank you. Thank you. Mr. Minter, why don't you take two minutes? Thank you, Your Honor. I just want to briefly pick up on the discussion of other obligations of FERA that continue beyond the termination of agency. We talked a lot about Section 615 and the preservation of books and records, but there's another important obligation, perhaps more important, which is that agents are required to file a closeout filing within 30 days after terminating their agency. And that disclosure is particularly important because it lets the people know how the agency has been wrapped up and that those activities are no longer ongoing. Under Winn's purported reading of the statute, that obligation would only be enforceable criminally. The civil enforcement provision that Congress intended to be the less severe option is simply unavailable. But I think it also goes to Your Honor's point about definition of agency, that the statute uses agents of a foreign principle at various points to talk about people that were agents of a foreign principle at one time, but have incurred subsequent obligations. Is that enough? What does that get you? So I think that it responds to the concern about the subject of the second clause being agent of a foreign principle and that that shouldn't be a burden or a hindrance to reading that clause to nonetheless apply to past violations, such as Mr. Winn's. I think that together that gets at both the broader purpose of the statute of ensuring this information is out there and the narrower purpose of Section 618F, which is providing the government an option short of criminal prosecution to enforce these kinds of obligations. I also want to highlight both with respect to the claim that these kinds of injunctions would only be available for one day. Many agents of a foreign principle act for short periods of time, and to simply write off the Attorney General's civil enforcement provision in those circumstances, I think, is contrary to the purpose that Congress had when it enacted Section 618F. We would urge the Court to reverse. All right, thank you.
judges: Henderson, Millett, Pillard